| **Newburgh Acupuncture, P.C. v Clear Blue Ins. Co.** |
|:---:|
| 2026 NY Slip Op 30621(U) |
| February 26, 2026 |
| Civil Court of the City of New York, Kings County |
| Docket Number: Index No. CV-725850/20/KI |
| Judge: Sandra E. Roper |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

NEWBURGH ACUPUNCTURE, P.C.,
A/A/O JOSE CORDERO

                *Plaintiff*,


-against-


CLEAR BLUE INS. CO.
D/B/A CLEAR BLUE INS. GRP.


                *Defendant*.

Index No. <u>CV-725850/20/KI</u>

Motion Cal. # <u>12/13</u> Motion Seq. # <u>1+3</u>

**DECISION AND ORDER**

Recitation, as required by CPLR § 2219(a) of the papers considered in review of this Motion:

**Papers:**

Notice of D's Motion and Affidavits Annexed…1-2
P's X-M Motion and Affidavits Annexed 2-3
D's Opp to P's xm…………………..4
P's REPLY to D's Opp………………4

Upon the foregoing papers, including Defendant's motion for summary judgment pursuant to CPLR 3212, Plaintiff's cross-motion for summary judgment, Defendant's opposition, Plaintiff's reply, and after oral argument, it is hereby:

**ORDERED** that Defendant's motion is **DENIED** in its entirety; and it is further

**ORDERED** that Plaintiff's cross-motion is **GRANTED** in its entirety; and it is further

**ORDERED** that the Clerk enter judgment in favor of Plaintiff and against Defendant in the principal sum of $542.02, together with statutory interest, attorneys' fees, costs, and disbursements as provided under the No-Fault Law and applicable regulations; and it is further

**ORDERED** that all relief not expressly granted herein is denied.

Background and governing standards

Summary judgment is a drastic remedy and will be granted only where the movant establishes, through admissible evidence, entitlement to judgment as a matter of law, demonstrating the absence of any material triable issue of fact. *Alvarez v Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986); *Winegrad v N.Y.U. Med. Ctr.,* 64 N.Y.2d 851, 853 (1985). The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. *Vega v Restani Constr. Corp.*, 18 N.Y.3d 499, 503 (2012). Affidavits and exhibits offered on summary judgment must be in admissible form; conclusory assertions and hearsay are insufficient to defeat summary judgment or to establish entitlement to it. *Zuckerman v City of New York*, 49 N.Y.2d 557, 562 (1980).

## No-fault framework, prima facie case, and burdens

In an action to recover assigned first-party no-fault benefits, a medical provider establishes a prima facie entitlement to judgment by submitting evidence, in admissible form, that (1) the prescribed statutory billing/claim forms were mailed to and received by the insurer, and (2) the insurer failed to pay or deny the claim within the prescribed period. *Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 25 N.Y.3d 498, 501–503 (2015); *Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 A.D.3d 742, 742 (2d Dep't 2004); *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 A.D.3d 1045, 1046 (2d Dep't 2009). Pursuant to Insurance Law § 5106(a) and 11 NYCRR 65-3.8(c), an insurer must pay or deny within 30 days of receipt of proof of claim, and benefits not timely paid are overdue.

Where an insurer fails to timely pay or deny, it is generally precluded from interposing defenses to payment, except for the narrow class of true "lack of coverage" defenses. *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 N.Y.3d 312, 317–319 (2007); *Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 10 N.Y.3d 556, 563–565 (2008); *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 N.Y.2d 274, 282–283 (1997); *see also Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 N.Y.2d 195, 199 (1997).

Consistent with this scheme, in first-party no-fault litigation, causation is not an element the provider must prove as a threshold matter; rather, "causation is presumed," and the insurer bears the burden of coming forward with proof establishing, by "fact or founded belief," a defense that the claimed injuries have no nexus to the accident. *Bronx Radiology, P.C. v N.Y. Cent. Mut. Fire Ins. Co.*, 17 Misc. 3d 97, 99 (App. Term, 1st Dep't 2007); *Mount Sinai Hosp. v Triboro Coach*, 263 A.D.2d 11, 19–20 (2d Dep't 1999); *Central Gen. Hosp.*, 90 N.Y.2d at 199.

## Defendant's motion is denied

Defendant fails to meet its prima facie burden on summary judgment. Defendant's motion is not supported by competent, admissible evidence establishing entitlement to judgment as a matter of law. CPLR 3212(b); *Winegrad*, 64 N.Y.2d at 853; *Zuckerman*, 49 N.Y.2d at 562.

Defendant's evidentiary showing rests on the affidavit of Danielle Arnone, an employee of a third-party administrator, Network Adjusters, Inc. The affidavit does not establish personal knowledge of the underlying accident facts and does not lay a proper foundation for any business records upon which it purports to rely; instead, it is based on hearsay and conclusory assertions. Such proof is insufficient to raise a triable issue or to support summary judgment. *Zuckerman*, 49 N.Y.2d at 562; *see Westchester Med. Ctr.*, 60 A.D.3d at 1046–1047 (rejecting defense "solely based on … hearsay").

Moreover, the 2021 affidavit is not in admissible form because it is not properly notarized (New notary rule went into effect January 1, 2024). An affidavit submitted in support of summary judgment must be sworn before a notary public or authorized officer. CPLR 2106; CPLR 2309(b). A document that is unsigned, unsworn, or improperly notarized lacks evidentiary value and must be disregarded.

To the extent Defendant attempts to avoid payment based upon a workers' compensation-related contention, that theory does not constitute a true "lack of coverage" defense exempt from the No-Fault timeliness and preclusion rules. *Westchester Med. Ctr.*, 60 A.D.3d at 1046–1047 (holding insurer's possible entitlement to an offset based on workers' compensation recovery "does not constitute a defense of lack of coverage"). Accordingly, absent a timely denial asserting such a defense, Defendant is precluded from litigating it here. *Hospital for Joint Diseases*, 9 N.Y.3d at 317–319; *Fair Price*, 10 N.Y.3d at 563–565; *Westchester Med. Ctr.*, 60 A.D.3d at 1046–1047.

For all of these reasons, Defendant's motion is DENIED in its entirety.

## Plaintiff's cross-motion is granted

Plaintiff has established prima facie entitlement to summary judgment through evidence in admissible form demonstrating that the prescribed statutory billing/claim forms were mailed and received and that Defendant failed to timely pay or deny, rendering the claim overdue. *Viviane Etienne*, 25 N.Y.3d at 501–503; *Mary Immaculate Hosp.*, 5 A.D.3d at 742; *Westchester Med. Ctr.*, 60 A.D.3d at 1046.

In opposition, Defendant fails to raise a triable issue of fact by admissible proof, and Defendant is precluded from relying on its workers' compensation-based theory in any event.

Accordingly, Plaintiff's cross-motion is GRANTED in its entirety.

## Judgment; interest and attorneys' fees

Plaintiff shall have judgment in the principal amount of $542.02, together with statutory interest pursuant to Insurance Law § 5106(a) and 11 NYCRR 65-3.9, and attorneys' fees pursuant to 11 NYCRR 65-4.6, plus costs and disbursements as taxed by the Clerk.

This constitutes the Decision and Order of the Court.

*The undersigned attorneys certify that none of the cases cited within this case or this motion were found using, in any capacity, generative artificial intelligence.*

Counsel for Plaintiff – Printed Name and Initials: Richard Rozhik, Esq/ RR

Counsel for Defendant – Printed Name and Initials: Ross Ruggiero, Esq/RR

| February 26, 2026 | | | | HON. SANDRA E. ROPER | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| **MOTION SEQ. #:1** | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **MOTION SEQ #3** | X | GRANTED | | | |
| **CHECK IF APPROPRIATE:** | | SETTLE ORDER | | SUBMIT ORDER | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 3]